UNITED STATES of America,

v.

Peter POLIZZI, Defendant.

No. 06–CR–22 (JBW).

United States District Court, E.D. New York.

Sept. 29, 2009.

---

Allen Lee Bode, United States Attorneys Office, Central Islip, NY, Andrea Goldbarg, United States Attorneys Office, Eastern District of New York, Brooklyn, NY, for United States of America.

## ABBREVIATED MEMORANDUM AND ORDER GRANTING NEW TRIAL

JACK B. WEINSTEIN, Senior District Judge:

It is found that a twenty-three count child pornography trial is qualitatively different from a five count trial—where a serious defense is insanity. A new trial is granted. Jurors would be more inclined to find lack of insanity when trying the large multiple-count indictment, with its overtone of a far more serious threat to many children requiring heavier condemnation by society. That the cause of a juror's action might be psychological, predicated upon unanalyzed feelings, rather than rational, based on the evidence and charged law, does not control the issue posed: under the special and unique facts of this case, would the jury be more likely to accept the defense of insanity if one instead of eleven counts of child pornography possession was being tried, and four instead of twelve counts of receipt of child pornography were before them at the same time? Based on this court's experience with many thousands of citizens called from a cross-section of the Eastern District's heterogeneous community for service as petit jurors, the answer is yes.

An indictment so multiplicitous exaggerates the jury's impression of the nature and scope of defendant's criminal activity by charging—and requiring a separate finding of guilty—"an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed." *United States v. Chacko*, 169 F.3d 140, 145 (2d Cir.1999). *See also, e.g., United States v. Reed*, 639 F.2d 896, 904 (2d Cir.1981) ("The vice in multiplicity of charges is that it may lead to multiple sentences for the same offense and *may improperly prejudice a jury by suggesting that a defendant has committed not one but several crimes*.") (emphasis added); *United States v. Ketchum*, 320 F.2d 3, 8 (2d Cir. 1963) (finding that the objectives of preventing multiplicitous counts are "primarily those of promoting the order and efficiency of the trial and avoiding the risk that the prolix pleading *may have some psychological effect upon* a jury" by overstating the level of the defendant's criminal activity) (internal quotation marks and citation omitted; emphasis added); *United States v. Carter*, 576 F.2d 1061, 1064 (3d Cir.1978) (multiplicitous indictment "may prejudice the jury against the defendant by *creating the impression of more criminal activity on his part than in fact may have been present*.") (emphasis added); *United States v. Langford*, 946 F.2d 798, 802 (11th Cir.1991) (multiplicitous indictment "may improperly prejudice a jury by *suggesting that a defendant has committed several crimes—not one* ") (emphasis added); *United States v. Duncan*, 850 F.2d 1104, 1108 n. 4 (6th Cir.1988) (multiplicitous counts *"may falsely suggest to a jury that a defendant has committed not one but several crimes* ") (emphasis added), *overruled on other grounds by Schad v. Arizona*, 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991); *United States v. Clarridge*, 811 F.Supp. 697, 702 (D.D.C. 1992) (The reason for keeping unnecessary counts from the jury is that, "[o]nce such a message [of multiple crimes] is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue" and "[c]ompromise verdicts or *assumptions that, with so many charges pending the defendant must be guilty on at least some of them, pose significant threats to the proper functioning of the jury system*.") (emphasis added).

The Court of Appeals for the Second Circuit recognized the transformational difference between the twenty-three charges on the first trial, and the five that would be faced on a second. It wrote: "The multiple convictions ... affect Polizzi's substantial rights." *United States v. Polouizzi*, 564 F.3d 142, 156 (2d Cir.2009).

A court is obliged to set aside a judgment of conviction and grant a new trial when "the interest of justice so requires." Fed. R.Crim.P. 33(a). This court now exercises its discretion to do so.

In accordance with this court's Memorandum on Post–Appellate Proceedings issued on April 30, 2009 (*see* Docket No. 191), the court intends to inform the jury that a conviction on any count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2), requires a five-year minimum sentence of imprisonment. We know from the response of the jurors after their verdict in the first trial that this knowledge would have had a profound effect on their deliberations regarding the insanity defense.

This abbreviated memorandum and order is issued now to permit an expedited appeal by the government. A more expansive explanation will be issued shortly.

SO ORDERED.